UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOBY J. MASSE,

        Plaintiff,

v.

PAT GLEBE, et al.,

        Defendants.

No. C08-5752 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for August 28, 2009**

This case was referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, but failed to pay a filing fee or file an application to proceed *in forma pauperis*. Dkt. # 1. To file a complaint and initiate legal proceedings, a plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*. Accordingly, Plaintiff was ordered to file an application to proceed *in forma pauperis* or pay the filing fee. Dkt. 3. Plaintiff has not responded to the Court's Order.

## I. DISCUSSION

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

REPORT AND RECOMMENDATION - 1

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

On December 16, 2008, Plaintiff filed his proposed petition for civil rights violation. Dkt. 1. On January 7, 2009, the Clerk advised Plaintiff that he must submit either the full $350.00 filing fee or an application for *in forma pauperis* status by February 6, 2009 or his action may be subject to dismissal. Dkt. 2. On March 19, 2009, the Court ordered the Plaintiff to pay the $350.00 filing fee or submit a proper application to proceed *in forma pauperis* no later than April 17, 2009. Dkt. 3. The Court advised Plaintiff that his failure to either pay the filing fee or submit a proper application to proceed *in forma pauperis* by the April 17, 2009 deadline would be deemed a failure to properly prosecute this matter and that the undersigned would recommend dismissal of this matter. *Id*. Plaintiff did not respond to the Court's Order, pay the filing fee or submit an application to proceed *in forma pauperis*.

## II. CONCLUSION

The undersigned recommends the Court dismiss Plaintiff's Complaint unless he pays the required $350.00 fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating

REPORT AND RECOMMENDATION - 2

the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **August 28, 2009**, as noted in the caption.

    **DATED** this 7th day of August, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3